12-420-cv
Wolk v. Photobucket.com, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of June, two thousand fourteen.

PRESENT:  REENA RAGGI,
             GERARD E. LYNCH,
             RAYMOND J. LOHIER, JR.,
               *Circuit Judges.*

-------------------------------------------------------------

SHEILA WOLK,

              *Plaintiff-Appellant*,

      v.                                  12-420-cv

PHOTOBUCKET.COM, INC.,

              *Defendant-Appellee,*

KODAK IMAGING NETWORK, INC.,
EASTMAN KODAK COMPANY,

              *Defendants*.[*]

-------------------------------------------------------------

FOR APPELLANT:          Sheila Wolk, *pro se*, New York, New York.

FOR APPELLEE:           Kenneth P. Norwick, Norwick, Schad & Goering, New York, New York; Mark Lerner, Satterlee Stephens Burke & Burke LLP, New York, New York.

---

[*] The Clerk of Court is directed to amend the official caption as shown above.

Appeal from a judgment of the United States District Court for the Southern District of New York (Robert W. Sweet, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on January 31, 2012, is AFFIRMED.

Plaintiff Sheila Wolk appeals pro se from an award of summary judgment in favor of defendant Photobucket.com, Inc. ("Photobucket") on Wolk's claims of copyright infringement. Specifically, Wolk challenges the district court's determination that Photobucket is entitled to the safe harbor protection of the Digital Millennium Copyright Act. See 17 U.S.C. § 512(c). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

We review an award of summary judgment de novo, viewing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor. See Viacom Int'l, Inc. v. YouTube, Inc., 676 F.3d 19, 30 (2d Cir. 2012). Summary judgment is appropriate only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); accord Donnelly v. Greenburgh Cent. Sch. Dist. No. 7, 691 F.3d 134, 141 (2d Cir. 2012).

Upon such review, we conclude, substantially for the reasons stated by the district court in its published opinion, see Wolk v. Kodak Imaging Network, Inc., 840 F. Supp. 2d 724 (S.D.N.Y. 2012), that summary judgment was properly awarded. Insofar as Wolk urges otherwise by arguing that Photobucket should have done more to police its website for

2

infringing material, her assessment fails in light of <u>Viacom International, Inc. v. YouTube, Inc.</u>, where this court explained that § 512(c)'s safe harbor applies to a service provider's otherwise infringing material caused "by reason of the storage at the direction of a user" so long as the service provider, among other things, (1) properly removes infringing activity upon gaining subjective knowledge of infringement or of "facts that would have made the specific infringement objectively obvious to a reasonable person," (2) bans repeat offenders, and (3) does not have the "right and ability to control" infringing activity to which a "financial benefit" is "directly attributable." 676 F.3d at 30–41 (internal quotation marks omitted). This case falls within these parameters.

We have considered Wolk's remaining arguments and conclude that they are moot,[1]

forfeited,[2] or without merit.  Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[1] Wolk appeals from the district court's denial of her motion for leave to amend her complaint to add claims against defendants Kodak Imaging Network, Inc. and Eastman Kodak Company (collectively, "Kodak"), which had entered into an agreement with Photobucket that allowed users to print images obtained from Photobucket's website. As we previously dismissed Wolk's appeal from the district court's grant of summary judgment in favor of Kodak because all claims "against Kodak were discharged by the confirmation of the reorganization plan in bankruptcy proceedings," Order, Nov. 13, 2013, ECF No. 130, we deny as moot Wolk's challenge to the denial of her motion to amend.

[2] Insofar as Wolk asserts that Photobucket improperly used her works for its promotional activities, we decline to address this argument because it was not properly presented to the district court.  See Zalaski v. City of Hartford, 723 F.3d 382, 395–96 (2d Cir. 2013) (declining to address argument forfeited in district court).

4